STATE OF MICHIGAN

 COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN, UNPUBLISHED
 November 25, 2014
 Plaintiff-Appellee,

v No. 316664
 Kalamazoo Circuit Court
DAVID JOHN BASSETT, LC No. 2012-001513-FC

 Defendant-Appellant.

Before: BOONSTRA, P.J., and DONOFRIO and GLEICHER, JJ.

PER CURIAM.

 Defendant David John Bassett appeals by right his jury trial convictions for one count of
first-degree criminal sexual conduct (CSC), MCL 750.520b (sexual penetration of a victim under
13 years of age); two counts of second-degree CSC, MCL 750.520c (sexual contact with a victim
under 13 years of age); and one count of torture, MCL 750.85. Because the trial court properly
admitted the testimony of the victim’s therapist, we affirm.

 The convictions arise out of defendant’s sexual contact with and assaultive abuse of his
autistic son.

 On appeal, defendant first argues that the trial court erred when it permitted the victim’s
therapist, Debra Stewart, to testify about statements that the victim made to her during therapy.
We review a trial court’s decision on an evidentiary issue for an abuse of discretion. People v
Lukity, 460 Mich 484, 488; 596 NW2d 607 (1999). A trial court abuses its discretion when it
“chooses an outcome that is outside the range of reasonable and principled outcomes.” People v
Waclawski, 286 Mich App 634, 670; 780 NW2d 321 (2009). However, when the decision
involves a preliminary question of law, including whether a rule of evidence precludes
admissibility, the question is reviewed de novo. Lukity, 460 Mich at 488.

 Pursuant to MRE 801(c), “‘[h]earsay’ is a statement, other than the one made by the
declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the
matter asserted.” In addition, MRE 801(a) provides that “[a] statement is (1) an oral or written
assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion.”
Pursuant to MRE 802, hearsay is generally not admissible, except as specifically provided by the
Michigan Rules of Evidence. MRE 803(4) provides that the following statements are an
exception to the hearsay rule, regardless of the availability of the declarant:

 -1-
 Statements made for purposes of medical treatment or medical diagnosis in
 connection with treatment and describing medical history, or past or present
 symptoms, pain, or sensations, or the inception or general character of the cause
 or external source thereof insofar as reasonably necessary to such diagnosis and
 treatment.

 In People v Meeboer (After Remand), 439 Mich 310, 315; 484 NW2d 621 (1992), the
Michigan Supreme Court examined the application of MRE 803(4) to hearsay statements made
to medical providers by child victims of sexual abuse. The Meeboer Court found that a
statement to a health care provider that identified the perpetrator of sexual abuse was properly
considered to be made for purposes of medical treatment or medical diagnosis, as required by
MRE 803(4), because such a statement is necessary to the child victim’s “adequate medical
diagnosis and treatment.” Id. at 322. The Court also held more generally that “the psychological
trauma experienced by a child who is sexually abused must be recognized as an area that requires
diagnosis and treatment,” and that “sexual abuse cases involve medical, physical, developmental,
and psychological components, all of which require diagnosis and treatment.” Id. at 329. In
addition, the Court held that an inquiry into the trustworthiness of a child’s statements made to a
health care provider should “consider the totality of circumstances surrounding the declaration of
the out-of-court statement,” but identified the following factors relevant to an analysis of the
trustworthiness of a child’s statement:

 (1) the age and maturity of the declarant, (2) the manner in which the
 statements are elicited (leading questions may undermine the trustworthiness of a
 statement), (3) the manner in which the statements are phrased (childlike
 terminology may be evidence of genuineness), (4) use of terminology unexpected
 of a child of similar age, (5) who initiated the examination (prosecutorial
 initiation may indicate that the examination was not intended for purposes of
 medical diagnosis and treatment), (6) the timing of the examination in relation to
 the assault (the child is still suffering pain and distress), (7) the timing of the
 examination in relation to the trial (involving the purpose of the examination), (8)
 the type of examination (statements made in the course of treatment for
 psychological disorders may not be as reliable), (9) the relation of the declarant to
 the person identified (evidence that the child did not mistake the identity), and
 (10) the existence of or lack of motive to fabricate. [Id. at 324-325 (footnotes
 with citations omitted).]

 In the present case, the victim’s statements to Stewart during a long therapeutic
relationship identified defendant as the perpetrator of the abuse and provided details about the
psychological trauma experienced by the child victim. Therefore, the trial court properly found
that the victim’s statements to Stewart were made for the purpose of medical diagnosis or
treatment. Id. at 322, 329.

 In addition, the trial court properly acknowledged that Meeboer required it to examine the
totality of the circumstances surrounding the victim’s statements to determine whether the
victim’s statements to Stewart were sufficiently trustworthy to be admissible pursuant to MRE
803(4). The record before the trial court at the time of the hearing established that the therapy
started when the victim was 9 years old and continued until he was 14 years old, the therapy was

 -2-
not initiated by the prosecution, the victim was still suffering psychological or mental issues at
the time of the therapy, the therapy began 4½ years before trial, and the victim was very familiar
with the person identified as the perpetrator because defendant was the victim’s father. These
factors all weigh in favor of a finding that the victim’s statements to Stewart were trustworthy.
Id. at 324-325. In contrast, the only factor that weighed against a finding that the victim’s
statements to Stewart were trustworthy was the type of examination because statements that are
made in the course of treatment for psychological disorders may be less reliable than statements
made in the course of treatment for a physical disorder. Id. Nevertheless, the trial court properly
concluded that the totality of the circumstances supported a finding that the victim’s statements
to Stewart were sufficiently trustworthy to be admissible pursuant to MRE 803(4). As a result,
the trial court did not abuse its discretion when it admitted the victim’s statements to Stewart
pursuant to MRE 803(4).

 Second, defendant argues that the trial court erred when it permitted Stewart to testify
that the victim suffered from post-traumatic stress disorder (PTSD) consistent with a history of
sexual abuse and that the victim exhibited symptoms indicating that he had been abused;
defendant argues that this testimony improperly vouched for the truthfulness of the victim’s
statements.

 In both People v Beckley, 434 Mich 691, 697; 456 NW2d 391 (1990), and People v
Peterson, 450 Mich 349, 352; 537 NW2d 857 (1995), the defendants challenged the
admissibility of expert testimony regarding the characteristics and patterns of behavior typically
exhibited by sexually abused children. In Beckley, the Michigan Supreme Court held that such
expert testimony “is only admissible to cast light on the individual behaviors observed in the
complainant, therefore the expert must not render an opinion that a particular behavior or a set of
behaviors observed in the complainant indicates that sexual assault in fact occurred.” Id. at 725.
In other words, the testimony of an expert witness should be limited “to whether any of the
behaviors observed in the victim were consistent with the profile of an incest victim.” Id. at 730.
The Beckley Court also held that “[t]he conclusion whether abuse occurred is outside the scope
of expertise, and therefore not a proper subject for expert testimony. The jury must make its own
determination from the totality of the evidence whether the complainant was sexually abused.”
Id. at 729. In Peterson, 450 Mich at 373, the Michigan Supreme Court confirmed that “[a]n
expert may testify regarding typical symptoms of child sexual abuse for the sole purpose of
explaining a victim’s specific behavior that might be incorrectly construed by the jury as
inconsistent with that of an abuse victim or to rebut an attack on the victim’s credibility.”

 Before trial, the trial court below held that Stewart could testify as to behaviors that
would appear to a lay person to be inconsistent with someone who had been sexually abused and
whether the apparently inconsistent behavior was, in fact, consistent with the behavior of an
individual who has been sexually abused. Further, the trial court found that Stewart could not
testify as to what may or may not have occurred between defendant and the victim, and that she
could only provide the jurors with information that would allow them to determine if they
believed the victim or other witnesses. The trial court’s rulings with regard to Stewart’s
proposed testimony accurately reflect the law as articulated in Beckley and Peterson regarding
testimony by expert witnesses about the behaviors of sexually abused children and conclusions
by mental health providers regarding whether a particular child’s symptoms were consistent with
sexual abuse.

 -3-
 Defendant also challenges two specific statements made by Stewart at trial. First,
defendant challenges Stewart’s testimony that the victim suffered from PTSD. In People v
Christel, 449 Mich 578, 587; 537 NW2d 194 (1995), the Michigan Supreme Court explained that
expert testimony is admissible if it is from a recognized discipline, it serves to give the trier of
fact a better understanding of the evidence or assist in determining a fact in issue, and it is
“presented by a witness qualified by “knowledge, skill, experience, training, or education.” The
mental health discipline is a recognized field of specialized knowledge. Beckley, 434 Mich at
718. Further, PTSD is a recognized mental disorder. Id. at 706 n 15. In addition, in a CSC case
with a child victim, the prosecution is entitled to offer evidence to explain why the victim may
have displayed unusual behavior. Peterson, 450 Mich at 373.

 In the present case, Stewart’s testimony that the victim suffered from PTSD was derived
from the recognized discipline of mental health, and it served to give the trier of fact a better
understanding of the evidence (specifically that the victim’s behaviors associated with PTSD
were distinct from the victim’s behaviors associated with autism), as well as a better
understanding of a fact at issue (specifically the victim’s mental health, which was at issue in the
torture charge pursuant to MCL 750.85). Further, defendant did not object to Stewart’s
qualification as an expert witness in psychotherapy and does not dispute that Stewart was
qualified by knowledge, skill, experience, training, or education to give the challenged
testimony. Moreover, and more importantly, Stewart’s testimony regarding PTSD did not in any
way suggest that the PTSD was consistent with a history of sexual abuse. Therefore, the
admission of Stewart’s testimony that the victim suffered from PTSD did not constitute an abuse
of discretion.

 In addition, defendant challenges Stewart’s testimony that the victim exhibited symptoms
of sexual abuse. In Beckley, 434 Mich at 731, the Michigan Supreme Court found that testimony
that a specific child victim exhibited symptoms that would fit the criteria for someone who has
been sexually abused was an inappropriate topic for direct examination. However, because such
testimony was elicited by the defendant’s trial counsel on cross-examination of the expert
witness, the Court found that the defendant could not “complain that the expert’s testimony
served to vouch for the complainant’s credibility,” and concluded that admission of this
testimony did not require reversal. Id. Likewise, in the present case, Stewart’s testimony that
the victim exhibited symptoms of sexual abuse was elicited by defendant’s trial counsel on cross-
examination. Because defendant’s trial counsel elicited this response from Stewart, defendant
cannot now complain that this testimony vouched for the victim’s credibility, and admission of
this testimony does not constitute error or require reversal. Id. In sum, the trial court did not err
when it permitted Stewart’s testimony regarding PTSD in general and the symptoms exhibited
by the victim.

 Defendant next argues that even if Stewart’s testimony regarding the victim’s statements
to her was admissible pursuant to MRE 803(4), the trial court should have excluded this evidence
pursuant to MRE 403. Because this issue was raised in the trial court and is now being pursued
on appeal, it is preserved for this Court’s review regardless of the trial court’s failure to rule on
it. Peterman v Dep’t of Natural Resources, 446 Mich 177, 183; 521 NW2d 499 (1994); see also
People v Trakhtenberg, 493 Mich 38, 55 n 11; 826 NW2d 136 (2012).

 -4-
 MRE 403 provides that relevant evidence “may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading
the jury, or by considerations of undue delay, waste of time, or needless presentation of
cumulative evidence.” “[A]ll relevant evidence is prejudicial; it is only unfairly prejudicial
evidence that should be excluded.” People v McGhee, 268 Mich App 600, 613-614; 709 NW2d
595 (2005). “Unfair prejudice exists when there is a tendency that evidence with little probative
value will be given too much weight by the jury.” Id. at 614. In People v Gayheart, 285 Mich
App 202, 228; 776 NW2d 330 (2009), this Court found that evidence that was helpful to explain
and corroborate the testimony of other witnesses and that helped establish a fact of consequence
to the determination of the action was not unfairly prejudical pursuant to MRE 403.

 In the present case, Stewart’s testimony regarding the victim’s statements served to
substantiate that defendant committed the charged offenses. Specifically, the victim’s statements
to Stewart identified defendant as the perpetrator of the abuse and established that the victim
suffered severe mental pain or suffering, which is a necessary element of the charge of torture.
MCL 750.85. In addition, Stewart’s testimony regarding the victim’s statements was
corroborated by other competent evidence at trial, including the victim’s testimony. On this
record, we do not find that the potential for unfair prejudice substantially outweighed the
probative value of these statements. Thus, Stewart’s testimony regarding the statements was
admissible, and admission of this testimony was not an abuse of discretion.

 Next, defendant argues that because Stewart’s testimony at trial regarding the victim’s
statements to her were not admissible, the trial court erred when it denied defendant’s motion for
a new trial. However, for all of the reasons stated herein, Stewart’s testimony at trial was
admissible. Thus, the trial court did not abuse its discretion when it denied defendant’s motion
for a new trial based on the admission of this testimony.

 Lastly, defendant argues that Stewart’s testimony related to the victim’s statements
deprived him of his right to confront witnesses. However, this issue was never raised at the trial
court. More importantly, this constitutional issue was not listed in defendant’s statement of the
questions presented on appeal, as required by MCR 7.212(C)(5). Therefore, this argument is not
properly presented, and we need not address it. People v Unger, 278 Mich App 210, 262; 749
NW2d 272 (2008). In any event, both Stewart and the victim testified at trial, so any claim of
not being able to confront either witness is without merit.

 Affirmed.

 /s/ Mark T. Boonstra
 /s/ Pat M. Donofrio
 /s/ Elizabeth L. Gleicher

 -5-